Case 4:17-cv-00946   Document 11   Filed on 01/05/18 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEDRICK J. RASCO § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:17-CV-946 |
| § | |
| NANCY A. BERRYHILL, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMISNATION § | |
| § | |
| *Defendant*. § | |

## REPORT AND RECOMMENDATION ON
## CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Dedrick Rasco ("Rasco") seeks judicial review of Acting Commissioner of the Social Security Administration's ("the Commissioner") decision denying his application for disability insurance benefits under Title II of the Social Security Act ("the Act"). On October 4, 2017, United States District Judge Nancy Atlas referred this case for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). Order, ECF No. 8.

The Parties filed cross-motions for summary judgment. ECF Nos. 7, 10. Plaintiff argues that the Administrative Law Judge ("ALJ") failed to apply the proper legal standard with respect to the weight given to the Veteran

1

Administration's ("VA") finding of disability, failing to explain her reasons for not giving great weight to that determination. ECF N. 7 at 4. Because the Commissioner failed to apply the proper legal standard, the Court recommends that Rasco's motion for summary judgment be granted, and the Commissioner's motion be denied.

## I. CASE BACKGROUND

### A. Procedural Background

On December 1, 2015, Rasco applied for disability insurance benefits. In his application, he alleged that he had suffered from a disability since October 2, 2014 due to post-traumatic stress disorder ("PTSD"), and other physical ailments not at issue here. After being denied benefits initially and on reconsideration, Rasco requested a hearing before an ALJ. R. 133-36. On October 6, 2016, ALJ Patricia Henry held a hearing. R. 31-53. After the hearing, the ALJ found that Rasco was not disabled. R. 17-27. The Appeals Council denied Rasco's request to review the ALJ's decision. Rasco then filed this case, seeking judicial review of the Commissioner's denial of his claim for benefits. ECF No. 1.

### B. Factual Background

For purposes of disability benefits, Plaintiff's last date of insurance coverage is December 31, 2015. He is required to establish that his disability existed prior to that date. *Carey v Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

After serving in the United States Navy from 2002 to 2006, Rasco was honorably discharged. R. 23. In September 2013, Rasco began seeing a psychiatrist at the Veteran's Affairs ("VA") Medical Center, who diagnosed Rasco with PTSD, Recurrent Depressive Disorder-Moderate. R. 378. Plaintiff received treatment for PTSD at the VA.[1]

On December 21, 2015, Dr. Lindsay Rosin ("Dr. Rosin") conducted a consultative examination of Rasco. R. 503-09. Dr. Rosin diagnosed Rasco with PTSD, an unspecified depressive disorder, and an unspecified anxiety disorder. R. 507. She opined that his prognosis was fair given that he had been treated by a psychiatrist for the past three years with medication and had been attending weekly counseling for the past six months. *Id.*[2]

At the hearing, Rasco testified that the VA had determined that he was 100% disabled. R. 36. References to the VA disability ratings were contained in the medical records. The earliest notation of Rasco's PTSD disability rating appeared

---

[1] Because the only factual disputes relate to Rasco's mental health, the Court does not summarize the evidence relating to his physical impairments.

[2] A State Agency Medical Consultant ("SAMC") examined the consultative examiner's report and the medical records. The SAMC concluded that Rasco did not have a severe impairment. R. 59. Because there was evidence demonstrating that Rasco's impairments limited his functioning, however, the ALJ gave the SAMC's opinion little weight. R. 24.

A second SAMC examined the medical records and consultative report and found that Rasco had a severe impairment and the residual functioning capacity ("RFC") of medium exertional level with added limitations in his ability to perform complex tasks and interact with others. R. 63-75. Even so, the second SAMC opined that Rasco was not disabled. The ALJ gave this opinion "some weight." R. 24.

on June 15, 2015. R. 334-35. As of that date, the records reflected the following disability ratings: 100% due to his PTSD;[3] 30% due to his impaired hearing; 10% due to his foot injury; 10% due to tinnitus; 10% due to a separate foot condition; and 10% due to a lumbosacral or cervical strain. *E.g.,* R. 247, 318, 335. Rasco's records, however, did not contain any disability rating determination letters.

## II. LEGAL STANDARDS

### A. Summary Judgment

Federal Rule of Civil Procedure 56 requires the court to grant summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 434 (5th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 1083 (2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[3] Under the VA regulations, a one-hundred percent mental disability rating is described as:

> Total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.

38 C.F.R. § 4.130 (noting that 9411 is for PTSD).

law." Fed. R. Civ. P. 56(a); *accord Celotex Corp.*, 477 U.S. at 322-23; *Bacharach*, 827 F.3d at 434. "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (internal citations and quotation marks omitted).

**B.     Standard of Review for Denial of Disability Benefits**

Judicial review of the Commissioner's denial of disability benefits is limited to two inquiries: first, whether the Commissioner applied the proper legal standards in evaluating the evidence; and second, whether substantial evidence on the record as a whole supports the final decision. 42 U.S.C. § 405(g); *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017); *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016); *Audler v. Astrue,* 501 F.3d 446, 447 (5th Cir. 2007); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence" is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Audler*, 501 F.3d at 447 (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). It is more than a mere scintilla and less than preponderance. *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

When applying the substantial evidence standard, the court scrutinizes the record in its entirety to determine whether such evidence is present. *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Perez*, 415 F.3d at 461 (citing *Richardson*, 402 U.S. at 390). Alternatively, a finding of no substantial evidence is appropriate if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). The court may not, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Kneeland*, 850 F.3d at 761 n.59 (citing *Audler*, 501 F.3d at 447). In short, conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Id*. (citing *Newton*, 209 F.3d at 452).

## C. Disability Determination

The Act permits the payment of insurance benefits to persons who have contributed to the program and who suffer a physical or mental disability. 42 U.S.C. § 423(a)(1)(D). These payments are referred to as disability insurance benefits. An applicant bears the burden to prove he suffers from a "disability." *Perez*, 415 F.3d at 461; *see* 42 U.S.C. § 423(d)(1)(A).

> "Disability" is defined as the
>
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

> expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A). A physical or mental impairment is defined as

> an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

42 U.S.C. § 423(d)(3). "The suffering of some impairment does not establish disability; a claimant is disabled only if he is 'incapable of engaging in any substantial gainful activity.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1987)).

When determining whether a claimant is disabled, an ALJ must engage in a five-step sequential inquiry: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a "severe" impairment, such that the impairment has more than a minimal limitation on the claimant's ability to perform basic work activities; (3) whether the claimant's impairment meets or equals a listed impairment in Appendix I of the regulations; (4) whether the claimant is capable of performing his past relevant work; and (5) whether the claimant is capable of performing any other work in the national economy. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453.

Before proceeding to Step Four, the ALJ makes an assessment of the claimant's RFC, which is a generic description of the work a claimant still can do despite his or her physical and mental limitations. *Perez*, 415 F.3d at 461-62. Then, the ALJ compares the assessed RFC to the plaintiff's past relevant work in Step Four and, if needed, to jobs in the national economy in Step Five. *Id.* at 461.

The claimant has the burden to prove disability under the first four steps. *Copeland*, 771 F.3d at 923. If the claimant successfully carries this burden, the burden shifts to the Commissioner at Step Five to show that the claimant is capable of performing other substantial gainful employment that is available in the national economy. *Id.* Once the Commissioner makes this showing, the burden shifts back to the claimant, who must rebut the finding. *Id.*; *Newton*, 209 F.3d at 453. A finding that a claimant is disabled at any point in the five-step review is conclusive and terminates the analysis. *Perez*, 415 F.3d at 461 (citing 20 C.F.R. § 404.1520(a)). If the Commissioner cannot make a determination, he goes on to the next step. *Id.* (citing 20 C.F.R. § 404.1520(a)).

In this case, the ALJ found that: (1) Rasco had not engaged in substantial gainful activity during the period from his alleged onset date of October 2, 2014, through his date last insured, December 31, 2015. *Id.* (2) Rasco has two severe impairments: affective disorder and anxiety disorder. *Id.* (3) These two severe

8

impairments did not meet or medically equal the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 20-21. (4) Rasco had the RFC to perform medium exertional work,[4] but he was limited to (a) occasional interaction with supervisors, coworkers, and members of the general public; and (b) detailed, but not complex, assignments. R. 21-25. (5) Rasco's past relevant work was as a network technician and general cable technician. R. 25. Rasco is unable to perform these past relevant jobs. *Id.* (6) Given Rasco's age (thirty-six years old), education (at least a high school degree), work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform, including retail stocker, hospital cleaner, and hand packager. (7) Rasco was not disabled from the alleged onset date of his disability through the date on which he was last insured. R. 26.

## III.   THE ALJ FAILED TO APPLY THE PROPER LEGAL STANDARD

Rasco raises one issue in his motion for summary judgment: the ALJ failed to apply the proper legal standard and give the proper weight to the VA's finding of disability. ECF No. 7. Although the ALJ's decision mentions the VA's findings, she dismisses it because it is not binding:

---

[4] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. § 404.1567(c).

> The undersigned is mindful that the claimant has been found disabled by the Veteran's Administration and is currently receiving disability payments from that agency. However the Social Security Administration makes determinations of disability according to Social Security law, therefore a determination of disability by another agency is not binding on this Administration.

R. 25.

Under Fifth Circuit law, the ALJ is required to consider the VA's disability determination:

> A VA rating of total and permanent disability is not legally binding on the Commissioner because of the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.

*Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted).

Likewise, under the applicable agency rules, the ALJ is required to consider another agency's disability determination:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . . Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> . . .
>
> [T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

SSR 06-03p., 2006 WL 2263437.

The appropriate weight the ALJ should give to the VA's determination will "depend[] upon the factual circumstances of each case." *Chambliss*, 269 F.3d at 522. In most cases, the ALJ will give "great weight" to the VA's disability determination. *Id.*; *Jordan v. Astrue*, No. 11-CV-03622, 2013 WL 865969, at *17 (S.D. Tex. Feb. 15, 2013) (Milloy, J.), *adopted*, 2013 WL 842820 (S.D. Tex. Mar. 6, 2013) (Rosenthal, J.) ("Indeed, because a VA rating makes a specific finding on disability, it, like a physician's finding, constitutes evidence entitled to great weight."). An ALJ who does not give the VA determination great weight, however, must "adequately explain the valid reasons for not doing so." *Chambliss*, 269 F.3d at 522; *Jordan*, 2013 WL 865969, at *17 ("an ALJ may disregard a VA rating only if he provides valid reasons for doing so"); *Beltran v. Astrue*, No. 4:09-CV-111, 2010 WL 519760, at *4 (S.D. Tex. Feb. 9, 2010) (Atlas, J.) (same). If the ALJ fails to consider the disability rating and explain her reasons for discounting it, she has failed to apply the proper legal standard and committed reversible error. *Clark v. Colvin*, No. 13-CV-0111, 2014 WL 122020, at *6 (E.D. La. Jan. 13, 2014); *Beltran,* 2010 WL 519760, at *4 (collecting cases).

Here the ALJ provided a reason: the VA's determination is not binding. However, district courts in the Fifth Circuit have found that this "*is not a valid basis to reject a VA disability rating.*" *Johnson v. Colvin*, No. 15-CV-0189, 2016

11

WL 3982569, at *4 (W.D. Tex. July 20, 2016) (emphasis added); *Schenkler v. Colvin*, No. 3:14-CV-3214, 2015 WL 5611497, at *4 (N.D. Tex. Aug. 11, 2015), *adopted*, 2015 WL 5611193 (N.D. Tex. Sept. 23, 2015) (same). Instead, the ALJ must give "specific reasons" for not giving "great weight" to the VA's disability determination. *Chambliss*, 269 F3d at 522.

The Commissioner argues that the ALJ considered the evidence upon which the VA based its disability rating. ECF No. 10-1 at 7-8. The Fifth Circuit has held, however, that an ALJ must do more than "*merely consider the evidence upon which a VA disability rating was based*; rather, the ALJ must weigh and consider the VA rating itself." *Clark*, 2014 WL 122020, at *6 (emphasis added) (reversing ALJ for not considering the rating); *accord Bragg v. Astrue*, No. H-11-CV-3826, 2012 WL 4356847, at *10 (S.D. Tex. Sept. 4, 2012) (Johnson, J.), *adopted*, 2012 WL 4356844 (S.D. Tex. Sept. 21, 2012) (Lake, J.) (finding error when the ALJ considered the VA treatment records but failed to discuss the disability ratings of 70 and 80%). Moreover, the ALJ did not have the VA's decisions before her. The ALJ owes the Plaintiff a duty to develop the record fully to ensure that her decision

is informed and based on sufficient facts. *Jordan*, 2013 WL 865969, at *18. Thus, the case must be remanded for further consideration. *Id.*[5]

The Commissioner also argues that any failure constitutes harmless error. ECF No. 10-1 at 8-9. However, "the failure of the ALJ to consider the VA's disability determination is the type of legal error that is not subject to the harmless error analysis as the Court cannot try issues de novo, reweigh the evidence, nor substitute its findings for those of the Commissioner." *Arebalo ex rel. Arebalo v. Astrue*, 2010 WL 6571087, at *4 (N.D. Tex. Oct. 7, 2010), *adopted*, 2011 WL 1633137 (N.D. Tex. Apr. 29, 2011). Similarly, for the same reasons, the Court cannot direct an award in Plaintiff's favor, as Plaintiff urges, because the ALJ disregard of the VA determination does not automatically entitle Rasco to an award of benefits. *Beltran*, 2010 WL 519760, at *4.

Thus, the ALJ's failure to apply the proper legal standard constitutes reversible error. *Clark*, 2014 WL 122020, at *6; *accord Johnson*, 2016 WL 3982569, at *4 (the "ALJ's failure to properly discuss the VA disability rating constitutes reversible error warranting a remand"); *Beltran*, 2010 WL 519760, at

---

[5] *But see Laserre v. Colvin*, No. 3:16-CV-77, 2016 WL 6088343, at *6-*7 (W.D. Tex. Oct. 17, 2016) (finding no error when the claimant failed to supply the rating decision letter and the ALJ analyzed the objective medical records, physicians' opinions, and Plaintiff's subjective reports); *Denney v. Colvin*, No. 4:12-CV-565, 2014 WL 169647, at *11-12 (N.D. Tex. Jan. 15, 2014) (finding sufficient the ALJ's analysis that recited each of the disability ratings, stated that "the increased rating for post-traumatic stress disorder is of little evidentiary value" because the decisions are not before me, and that the VA and Administration regulations are different).

*4 (reversing decision, because "the ALJ failed to consider the VA's determination that [the claimant] was disabled, and provided no reasons that the determination was not entitled to great weight"). Accordingly, the Court recommends that the ALJ's decision be vacated and the case be remanded to the Commissioner.

## IV.   CONCLUSION

The Court **RECOMMENDS** that Rasco's Motion for Summary Judgment be **GRANTED**, the Commissioner's Motion for Summary Judgment be **DENIED,** the ALJ's decision be **VACATED**, and the case be **REMANDED** to the Commissioner for further proceedings consistent with this recommendation.

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on January 5, 2018, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**